# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2021

Lyle W. Cayce
Clerk

No. 20-50979

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL VINICIO PINA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-181-5

Before JONES, COSTA, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Angel Pina is serving a 108-month sentence for cocaine trafficking (he is scheduled for release later this year). Last year, after first unsuccessfully seeking compassionate release from the prison warden, Pina asked the district court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Pina cited the threat COVID-19 posed to him given his preexisting medical

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conditions as the "extraordinary and compelling reason[]" that might justify his early release. 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied the motion. Its order first lists each filing it received on the motion (three from the defendant, one from the government) and then says: "After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion[] on its merits."

Pina appeals on the ground that the order lacked sufficient detail to allow appellate review. Although the Supreme Court has not decided whether a district court must explain its reason when ruling on a sentencing-reduction motion, *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (merely assuming that a court ruling on a reduction motion has "equivalent duties" in terms of stating its reasons to those it has when first sentencing a defendant), we recently stated that it must provide "specific factual reasons," *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In deciding whether a court has adequately justified a sentencing decision, we consider not just its recent order but the entire record of the proceeding going back to the original sentencing. *Chavez-Meza*, 138 S. Ct. at 1965. "In some cases, it may be sufficient for purposes of appellate review that that judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Id*.

The district court's explanation here, though brief, was sufficient. Indeed, the district court provided essentially the same level of detail as the form order that the Supreme Court found sufficient in *Chavez-Meza*. *Id*. at 1965, 1967–68. In that case, the district judge had "checked a box next to preprinted language" stating that he had considered the statutory sentencing factors and the policy statement in the Sentencing Guidelines. *Id*. at 1968

No. 20-50979

(Kennedy, J., dissenting).    Here the district court included the same statement in the order it drafted on its own.

The parties' arguments to the district court help illuminate the reasons the motion was denied. *Id.* at 1968 (explaining that the district court's "awareness of the arguments" the parties made can help reveal its reasoning).    The government opposed reducing Pina's sentence for two reasons.  First, attaching medical records, it argued that Pina had not shown extraordinary reasons that would warrant a reduction because his medical conditions had improved due to treatment while he was in custody.  Second, it argued that a reduction was not warranted because Pina's release would not be consistent with the Guidelines' policy statement that allows sentencing reductions only when the defendant "is not a danger to the safety of any other person or to the community. as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Section 3142(g), in turn, directs a court to consider many of the general statutory sentencing factors such as "the nature and circumstances of the offense" and "the history and characteristics" of the defendant.  18 U.S.C. § 3142(g).  In noting that it was denying Pina's motion because of the policy statement in the Guidelines and the statutory sentencing factors, the district court's order thus was accepting the government's second argument.

For these reasons, there was enough to enable appellate review. *See Chavez-Meza*, 138 S. Ct. at 1967–68 (noting that a case's "simplicity," "the judge's awareness of the arguments," and "his consideration of the relevant sentencing factors" may be enough to make a judge's bare-bones explanation sufficient).

AFFIRMED.